**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
Norfolk Division

HENRY H. ESTES, III, #312666,

           Petitioner,

v.                                                            ACTION NO.
                                                              2:05cv491

GENE M. JOHNSON, Director of the
Virginia Department of Corrections,[1]

           Respondent.

**UNITED STATES MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

      This matter was initiated by petition for writ of habeas corpus under 28 U.S.C. §2254.  The

matter was referred to the undersigned United States Magistrate Judge pursuant to the provisions of

28 U.S.C. § 636(b)(1)(B) and (C) and Rule 72 of the Rules of the United States District Court for

the Eastern District of Virginia. The Court recommends denying petitioner's petition for writ of

habeas corpus.

**I. STATEMENT OF THE CASE**

**A. Background**

      Petitioner Henry H. Estes, III ("Estes") was convicted in the York County Circuit Court of

three counts of robbery, four counts of use of a firearm, and carjacking, and was sentenced to a term

---

      [1]It appears that the petition designates an incorrect party respondent.  It is therefore
ORDERED that the petition be deemed amended to substitute as the sole respondent in this
proceeding Gene M. Johnson, Director of the Virginia Department of Corrections.  See Rule 2 of
the Rules Governing Section 2254 Cases in the United States District Courts (foll. 28 U.S.C. §
2254).

of eighteen years imprisonment.

Estes's direct appeal of his convictions to the Virginia Court of Appeals was denied on March 20, 2003, and his appeal to a three-judge panel of that court was denied on July 10, 2003. The Virginia Supreme Court refused Estes's petition for appeal on December 11, 2003. Estes then filed a habeas petition in the Virginia Supreme Court which was denied on May 26, 2005.

Estes, presently in the custody of the Virginia Department of Corrections at the Greensville Correctional Center in Jarratt, Virginia, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 on August 24, 2005. On September 15, 2005, respondent filed a Rule 5 Answer and Motion to Dismiss. Estes filed a response to the Motion to Dismiss on February 28, 2006.

## B. Grounds Alleged

Estes asserts the following entitle him to relief under 28 U.S.C. § 2254:

(a)     he was denied effective assistance of counsel due to his counsel's failure to collect identification evidence;

(b)     he was denied effective assistance of counsel due to his counsel's failure to request that fingerprint analysis be performed on a lighter;

(c)     he was denied effective assistance of counsel due to his counsel's failure to object to the pretrial identification as being unduly suggestive;

(d)     he was denied effective assistance of counsel due to his counsel's failure to "subject the Commonwealth's case through a meaningful adversarial testing process;"

(e)     his counsel and the Commonwealth excluded evidence from the trial that would have excluded Estes's identification as the assailant;

(f)     he was denied effective assistance of counsel due to his counsel's allowing Estes to appear in court in an orange jail

2

suit, knowing the victims were going to be asked if the person who robbed them was in court;

(g)    and, he was denied effective assistance of counsel due to his counsel's failure to "prepare a defense to the identification of Estes."

## II. <u>FINDINGS OF FACT AND CONCLUSIONS OF LAW</u>

Respondent argues the petition should be dismissed as time barred. However, the argument hinges on a finding that Estes's petition to the Virginia Supreme Court was not properly filed until it was notarized in accordance with § 8.01-655. Estes signed and dated his habeas petition to the Virginia Supreme Court on December 10, 2004, and the petition was filed by the court on December 14, 2004. The record received from the Virginia Supreme Court does not reflect the argument contained in the Respondent's brief regarding a letter to Estes from the Clerk requesting that the petition be notarized, and a notarized copy being forwarded at a later date. The record reflects the petition was signed on December 10, 2004, and was filed on December 14, 2004. This Court will treat the state petition as properly filed. Therefore, the state habeas petition tolled the federal statute of limitations, and Estes's federal petition is not barred by the statute of limitations.

### A. <u>Exhaustion</u>

In order for this Court to address the merits of this habeas petition, all of Petitioner's claims must be exhausted. <u>See</u> 28 U.S.C. § 2254(b) (2000). The exhaustion requirement is satisfied when the "essential legal theories and factual allegations advanced in federal court . . . [are] the same as those advanced at least once to the highest state court." <u>Pruett v. Thompson</u>, 771 F. Supp. 1428, 1436 (E.D.Va. 1991), <u>aff'd</u>, 996 F.2d 1560 (4th Cir. 1993). Exhaustion may be accomplished either on direct appeal or in post-conviction proceedings. <u>See</u> <u>O'Sullivan v. Boerckel</u>, 526 U.S. 838, 844

(1999) (citing <u>Brown v. Allen</u>, 344 U.S. 443, 447 (1953)); <u>see also</u>  <u>Skipper v. French</u>, 130 F.3d 603,

610 n.4 (4th Cir. 1997).  Estes's petition to the Virginia Supreme Court for a writ of habeas corpus

contained the same claims raised in the present petition; therefore Estes's Grounds (a) through (g)

meet the exhaustion requirement.

### B. <u>State Procedural Rule</u>

Estes's Ground (f) was raised in his habeas petition to the Virginia Supreme Court, but was

rejected by that court based upon a state procedural rule.  The Virginia Supreme Court refused to

consider the claim because it was not raised on direct appeal.  Therefore, the claims were barred by

<u>Slayton v. Parrigan</u>, 215 Va. 27, 205 S.E.2d 680 (1974). [2]

Clearly the Virginia Supreme Court's refusal to hear these claims rested squarely on the state

procedural bar provided in <u>Slayton v. Parrigan</u>.  There was no interweaving of any federal law within

Virginia's refusal to consider Estes's claims.  The Fourth Circuit has held,

> [a]bsent cause and prejudice or a miscarriage of justice, a federal
> court sitting in habeas may not review a constitutional claim when a
> state court has declined to consider its merits on the basis of an
> adequate and independent state procedural rule. . . . We have held on
> numerous occasions that the procedural default rule set forth in
> <u>Slayton</u> constitutes an adequate and independent state law ground for
> decision . . . . We reject [the] argument that the procedural default
> rule set forth in Slayton does not bar consideration of his claims
> because it is not independent of federal law.

<u>Mu'Min v. Pruett</u>, 125 F.3d 192, 196-97 (4th Cir. 1997) (internal citations omitted).

There is no cause, prejudice, or miscarriage of justice alleged by Estes or apparent to this

---

[2]      The Virginia Supreme Court upheld the decision of the Circuit Court which
dismissed the claim based on <u>Slayton v. Parrigan</u>.  Therefore, the decision of the Virginia
Supreme Court is presumed to rest upon the same ground. <u>See</u> <u>Ylst v. Nunnemaker</u>, 501 U.S.
797,  803 (1991).

Court.  Therefore, this Court cannot now review a claim which was procedurally defaulted in the

Virginia Supreme Court.  This Court recommends denying Estes's Ground (f).

## C. Merits

_____Estes previously asserted the remaining grounds to the Virginia Supreme Court in his habeas

appeal.  Pursuant to Title 28 of U.S.C. § 2254, a federal court may not grant relief on any claim that

the Virginia Supreme Court adjudicated on the merits[3] unless the Virginia Supreme Court's

adjudication:

> (1) resulted in a decision that was contrary to, or involved an
> unreasonable application of, clearly established Federal law, as
> established by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable
> determination of the facts in light of the evidence presented in the
> State Court proceeding.

28 U.S.C. § 2254(d)(1)-(2).

The Supreme Court has explained that this statute "plainly sought to ensure a level of

'deference to the determinations of state courts,' provided those determinations did not conflict with

federal law or apply federal law in an unreasonable way."  Williams v. Taylor, 529 U.S. 362 (2000).

Consequently, "state-court judgments must be upheld unless, after the closest examination of the

state-court judgment, a federal court is firmly convinced that a federal constitutional right has been

violated."  Id. at 1511.

The Virginia Supreme Court, on May 26, 2005, denied Estes's petition for habeas corpus.

---

[3]    The Virginia Supreme Court does not have to set forth findings of fact and
conclusions of law in its disposition of a claim for the claim to be "adjudicated on the merits."
Wright v. Angelone, 151 F.3d 151, 156-57 (4th Cir.1998).

The Virginia Supreme Court thoroughly considered Estes's claims reflected in Grounds (a), (b), (c), (d), (e), and (g) of his federal petition.    The Virginia Supreme Court clearly articulated its application of <u>Strickland v. Washington</u> to the facts in this case, therefore, an independent review of the record is not necessary. <u>See</u> <u>Bell v. Jarvis</u>, 236 F.3d 149, 163 (4th Cir. 2000). There is no indication from the record that the Virginia Supreme Court's adjudication on the merits was contrary to, or involved an unreasonable application of, clearly established federal law nor has it resulted in a decision that was based on an unreasonable determination of the facts.   Therefore, this Court recommends denial of Estes's Grounds (a), (b), (c), (d), (e), and (g).

### III. RECOMMENDATION

For the foregoing reasons, the Court recommends that Estes's petition for writ of habeas corpus be DENIED and the respondent's motion to dismiss be GRANTED.

Estes's Ground (f) should be DENIED because it was procedurally barred from review in the state courts and thus, may not now be considered in this federal Court.

Estes's Grounds (a), (b), (c), (d), (e), and (g) should be DENIED because they were previously adjudicated by the Virginia Supreme Court on the merits and none of the statutory exceptions apply that would allow this Court to review the claim on the merits.

Estes has failed to demonstrate "a substantial showing of the denial of a constitutional right," therefore, it is recommended that the Court decline to issue any certificate of appealability pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure. <u>See</u> <u>Miller-El v. Cockrell</u>, 537 U.S. 322 (2003).

## IV.  <u>REVIEW PROCEDURE</u>

By copy of this Report and Recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(C):

1. Any party may serve upon the other party and file with the  Clerk written objections to the foregoing findings and recommendations within ten (10) days from the date of mailing of this report to the objecting party, <u>see</u> 28 U.S.C. § 636(b)(1)(C) and Federal Rule of Civil Procedure 72(b), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure, plus three (3) days permitted by Rule 6(e) of said rules.  A party may respond to another party's objections within ten (10) days after being served with a copy thereof.

2. A district judge shall make a <u>de novo</u> determination of those portions of this report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in a waiver of right to appeal from a judgment of this court based upon such findings and recommendations.  <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>Carr v. Hutto</u>, 737 F.2d 433 (4th Cir. 1984); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984).

_____
/s/
Tommy E. Miller
UNITED STATES MAGISTRATE JUDGE

Norfolk, Virginia

May 16, 2006

## <u>CLERK'S MAILING CERTIFICATE</u>

A copy of the foregoing Report and Recommendation was mailed this date to the following:

David Bernard Hargett, Esq.
Hargett & Watson PLC
Suite C
Glen Allen, VA 23059

Denise C. Anderson, Esq.
Office of the Attorney General
900 East Main Street
Richmond, VA 23219

Fernando Galindo, Acting Clerk

By _____
Deputy Clerk

May      , 2006

8